IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTONIO SCOTT | § | |
| VS. | § | CIVIL ACTION NO. 5:08-CV-202 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Now pending is petitioner's motion to stay and hold the petition in abeyance. Petitioner contends that he filed a motion for DNA testing at the same time he filed his state habeas application. Petitioner filed this petition after his state application for habeas corpus was denied, but his claims concerning the DNA evidence are not exhausted because the state courts have not ruled on his motion for DNA testing. Petitioner asks that this petition be stayed until the state court rules on his motion. Respondent has not filed objections to the motion to stay.

The Supreme Court has held that a federal district court has discretion to stay a mixed petition, meaning one that contains both exhausted and unexhausted claims, to allow the petitioner to present the unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). A district court may stay, and hold in abeyance, a federal petition if the court finds that there was good cause for the petitioner's failure to exhaust his claims in state court. *Id*. at 277. The district court should not grant a stay if the petitioner's claims are plainly meritless, or if the petitioner engages in intentionally dilatory litigation tactics. *Id*. at 277-78.

It is not clear from the face of the petition that petitioner's claims lack merit, and there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. Petitioner alleges

that he filed the motion for DNA testing in a timely manner, but has yet to receive a ruling. It is accordingly

**ORDERED** that petitioner's motion to stay and hold the petition in abeyance (document no. 10) is **GRANTED**. The petition is **ADMINISTRATIVELY CLOSED** until such time as the state courts rule on petitioner's motion for DNA testing.

**SIGNED** this __10__ day of _____March_____, 2010.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

2